**NEAL et al. v. CAIN, County Judge, et al. (No. 913.)**

(Court of Civil Appeals of Texas. Beaumont. Jan. 4, 1923. Rehearing Denied Feb. 7, 1923.)

1. **Taxation** &#8658;38—Tick Eradication Law held not void as authorizing taxation for other than "public purpose."

Tick Eradication Law (Vernon's Ann. Civ. St. Supp. 1922, art. 7314 et seq.), having for its object the eradication of contagious animal diseases, is not violative of Const. art. 8, § 3, providing that taxes shall be collected for public purposes only (quoting Words and Phrases, First and Second Series, Public Purpose).

2. **Eminent domain** &#8658;2(2)—Stock growers not compelled to dip animals in injurious compound without compensation for damage.

The Tick Eradication Law (Vernon's Ann. Civ. St. Supp. 1922, art. 7314 et seq.), making no provision for payment to stock raisers for damages suffered from dipping his cattle as required by the inspectors, *held* that, if the material in which complainants were ordered to dip their cattle was so poisonous or injuri-

ous as to result in death or serious injury to stock, the complainants cannot be required to comply therewith, and thus have their property taken, destroyed, or damaged without compensation.

3. **Injunction** &#8658;118(2)—Owner's petition for injunction against requiring dipping of cattle sufficiently alleged damages.

Stock growers' petition to enjoin inspectors from requiring the dipping of animals under Tick Eradication Law (Vernon's Ann. Civ. St. Supp. 1922, art. 7314 et seq.), alleging the "dip" to be dangerous and injurious, and that to dip complainants' stock therein would cause inevitable and considerable damages for which the statute provides no compensation, raised an issue of fact, which if supported by satisfactory evidence would entitle the complainants to the relief sought.

Appeal from District Court, Liberty County; J. L. Manry, Judge.

Suit for injunction by Dave Neal and others against S. H. Cain, County Judge, and others. Judgment for defendants, and complainants appeal. Reversed and remanded.

Jno. M. Conley and Jas. A. Harrison, both of Beaumont, for appellants.

J. Llewellyn and P. C. Matthews, both of Liberty, for appellees.

WALKER, J. Appellants instituted this suit in the district court of Liberty county to enjoin and restrain the commissioners' court and other named officers of Liberty county from using the public funds of that county to provide vats, dipping solutions, and supervisers in enforcing the tick eradication laws of Texas. On inspection of the petition, Judge J. L. Manry set same down for hearing on the 5th day of October, 1922. Defendants answered by general demurrer and other pleas. On hearing the cause, the trial judge sustained the general demurrer, and, as appellants declined to amend, judgment was entered against them. From that judgment they have prosecuted this appeal.

[1] Appellants attack the law as being violative of article 8, section 3, of the Constitution, which provides that—

"Taxes shall be levied and collected by general laws and for public purposes only."

In our judgment, the purposes of this legislation are not subversive of the Constitution. While the act is for the special benefit of stockmen and is authorized under article 16, section 23, of the Constitution, yet it is also for the general benefit of the entire public. We do not understand that legislation is violative of section 3, article 8, because a class of persons may derive a special benefit under its provisions. If it is for a special purpose, and all persons engaged in a certain line of work or employment may have the benefit thereof, and there is no limitation

against the general public engaging in such business, and the general effect of the legislation is to promote the good of all the people, it comes within the constitutional authority of the Legislature. Such is the effect of the legislation assailed by appellants. Primarily, it is for the protection of stockmen, but its purpose is to aid the stock industry, thereby insuring a wholesome food supply for all the people. Weaver v. Scurry County (Tex. Civ. App.) 28 S. W. 836; Walker v. Cincinnati, 21 Ohio St. 14, 8 Am. Rep. 24. See, also, Cunningham v. Northwestern Improvement Co., 44 Mont. 180, 119 Pac. 554, where it is held (quoting Words and Phrases, Second Series, vol. 4, p. 30):

"Tax levied to raise a fund to provide industrial insurance and benefits to injured employés engaged in the extrahazardous occupation of coal mining is for a 'public purpose,' notwithstanding the act operates to the direct benefit of the injured employé or his dependents, and not directly to the public generally."

Words and Phrases, vol. 6, p. 5816, thus defines "public purposes":

"As the terms are used in reference to taxation, what is for the 'public good' and what are 'public purposes,' and what does constitute a 'public purpose' are questions which the Legislature must decide upon its own judgment, and in respect to which it is vested with a large discretion which cannot be controlled by the courts, except, perhaps, where its action is clearly evasive, and where, under pretense of a lawful authority, it has assumed to exercise one that is unlawful. Where the power which is exercised is legislative in its character, the courts can enforce only those limitations which the Constitution imposes, and not those implied restrictions which, resting in theory only, the people have been satisfied to leave to the judgment, patriotism, and sense of their representatives." Walker v. City of Cincinnati, 21 Ohio St. 14, 42, 8 Am. Rep. 24 (citing Cooley, Const. Lim. pp. 128, 129.)

Judge Cooley, in his work on Constitutional Limitations (7th Ed.) p. 699, quotes with approval the following proposition by the Supreme Court of Wisconsin, in Brodhead v. City of Milwaukee, 19 Wis. 624, 88 Am. Dec. 711:

"And the Supreme Court of Wisconsin has said: 'To justify the court in arresting the proceedings and declaring the tax void, the absence of all possible public interest in the purposes for which the funds are raised must be clear and palpable; so clear and palpable as to be perceptible by every mind at the first blush. * * * It is not denied that claims founded in equity and justice, in the largest sense of those terms, or in gratitude or charity, will support a tax. Such is the language of the authorities.'"

This question is more fully discussed by the Chief Justice in Dave Neal et al. v. J. E. Boog-Scott et al., in an opinion this day filed, 247 S. W. 689.

Appellants make no statement in their brief supporting their proposition that—

"Plaintiffs' petition states facts which are conclusive that the Tick Eradication Law is unreasonably enforced and will continue to be unreasonably enforced in Liberty county, Tex., and is not fairly enforced therein and will continue to be unfairly enforced."

[2, 3] We have examined plaintiffs' petition, and find no allegations sustaining this proposition. However, appellants do raise an issue of fact that the solution in which they are required to dip their cattle is dangerous and injurious to the cattle in many ways. No compensation is provided for stock owners whose cattle may be destroyed in the enforcement of this legislation. Under the terms of this act, to require plaintiffs to dip their stock in an arsenical solution so strong as to injure them seriously—and that is the effect of their allegations—would be to deprive them of their property without due process of law. Castleman v. Rainey (Tex. Civ. App.) 211 S. W. 630. As against the issue of fact thus raised, the trial court erred in sustaining a general demurrer. His judgment is therefore reversed, and this cause remanded for trial on its merits.

Reversed and remanded.